**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILMINGTON FINANCE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICA ONE FINANCE, INC. | : | NO. 06-5559 |

**MEMORANDUM**

**Baylson, J.** **July 31, 2007**

Presently before the Court is Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint, and to strike Plaintiff's request for punitive damages. For the reasons set forth below, the Court will dismiss Counts II and III without prejudice, and grant Plaintiff leave to file an amended Complaint.

## I. Factual and Procedural Background

______According to the Complaint, Plaintiff, Wilmington Finance, Inc., entered a broker agreement (the "Agreement") with Defendant, America One Finance, Inc. on September 10, 2002, pursuant to which America One submitted mortgage loan application packages to Wilmington for the possible origination of loans by Wilmington. (Compl. ¶ 7). In the Agreement, America One made certain representations and warranties regarding the truthfulness of all written and verbal communications made to Wilmington, and the accuracy and completeness of documents submitted on behalf of mortgage applicants. (Broker Agreement ¶¶ 4.1- 4.6). Additionally, America One agreed to indemnify Wilmington against all losses

resulting from the breach of any representation, warranty or covenant set forth in the Agreement. (Id. ¶ 8).

Pursuant to the Agreement, Wilmington made six loans for which America One served as the broker. (Compl. ¶ 13). In connection with each loan, America One provided Wilmington with financial and employment information concerning each borrower, such as wage and tax statements. (Id. ¶ 14). Wilmington now claims that much of the information it received from America One was false and/or based on altered, forged and inaccurate documentation. (Id. ¶¶ 15-16).

On December 21, 2006, Wilmington commenced this action against America One, alleging breach of contract, fraud and negligent misrepresentation. America One has moved to dismiss the fraud and negligent misrepresentation counts based on Pennsylvania's "gist of the action" and "economic loss" doctrines, and to strike Plaintiff's request for punitive damages.

## II. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III. Discussion

Plaintiff's Complaint sets forth three causes of action: (1) breach of contract, (2) fraud, and (3) negligent misrepresentation. Count I asserts that Defendant breached its contractual representations and warranties by submitting credit applications with false financial information, based on altered, forged and inaccurate documentation. (Compl. ¶ 16). Plaintiff claims it relied on this information in agreeing to make the mortgage loans, and then was unable to sell the loans to investors, or was required to repurchase the loans from its investors and sell them at a loss. (Id. ¶¶ 15-19). Count II alleges fraud based on the provision of information and documentation which America One "knew or should have known was false." (Id. ¶ 24). Count III claims negligent misrepresentation based on America One's failure to exercise reasonable care in submitting the loan applications to Wilmington. (Id. ¶ 29).

Initially, the Court finds that Plaintiff's fraud claim fails to meet the heightened pleading standard of Rule 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Plaintiffs are required to plead the circumstances surrounding the alleged fraud with particularity in order to put the defendant on notice of the precise misconduct at issue. Although specific allegations of "date, place or time" certainly satisfy Rule 9, "[p]laintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). In this case, Plaintiff alleges that America One made "material misrepresentations" with respect to six loan applications, but fails to identify the specific nature or content of the alleged misrepresentations. Cf. id. at 791 (plaintiff pleaded fraud with sufficient particularity where

complaint set forth the nature and subject of the alleged misrepresentations). Conclusory allegations of fraud like the ones contained in Plaintiff's complaint are wholly insufficient to meet the particularity requirements of Rule 9.

As currently pleaded, Plaintiff's fraud and negligent misrepresentation claims also must be dismissed under Pennsylvania's "gist of the action" doctrine.[1] The gist of the action doctrine precludes a plaintiff from recasting a breach of contract claim as a tort claim. eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002). "When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in contract or tort; a tort claim is maintainable only if the contract is 'collateral' to conduct that is primarily tortious." Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc., 123 F.Supp.2d 826, 833 (E.D. Pa. 2000) (quoting Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc., 40 F.Supp.2d 644, 651 (W.D. Pa. 1999)). The court must determine the "essential nature of the claim" based on the source of the duty allegedly breached: "if the claim essentially alleges a breach of duties that flow from an agreement between the parties, the claim is contractual in nature, whereas if the duties allegedly breached were of a type imposed on members of society as

---

[1] Defendant further contends that Plaintiff's tort claims are barred under Pennsylvania's "economic loss" doctrine. The economic loss and gist of the action doctrines are very closely related, and share the common purpose of maintaining the distinction between contract and tort law. Michael M. Baylson, Kelly D. Eckel & Sandra A. Jeskie, Contracts, in 8 Business and Commercial Litigation in Federal Courts § 68:8, at 337 (Robert L. Haig ed., 2d ed. 2005). The distinction between the doctrines is largely one of pedigree. Id. The economic loss rule developed in the context of products liability cases in which the only damage alleged was to the product covered by a contract. Id. Because this is not a products liability action, the "gist of the action" doctrine is more appropriate. Accord Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 n.11 (3d Cir. 2001) ("The 'gist-of-the-action" test is a better fit for this non-products liability case.").

a matter of social policy, the claim is essentially tort-based." Id.

In this case, the duties Plaintiff accuses Defendant of violating are closely intertwined with its contractual obligations. Wilmington claims that America One, "[i]n accordance with the [Broker] Agreement . . . provided certain information and documentation [which it] knew or should have known was false . . . ." (Compl. ¶ 24). America One's duty to provide truthful information to Wilmington arises from the broker agreement entered between the parties, and not from social policy. (Broker Agreement ¶ 4, Representations and Warranties). Wilmington's tort claims, therefore, cannot be considered collateral to the contract, as they relate directly to America One's performance of its contractual obligation to provide Wilmington with accurate credit applications. Accord McCloskey v. Novastar Mortgage, Inc., Civ.A.No. 05-1162, 2007 WL 320287, at *7 (E.D. Pa. Jan. 29, 2007) (dismissing defendant's tort counterclaims under gist of the action doctrine because the conduct that constituted the breach of contract (i.e., mortgage applicant's misrepresentation or fraudulent statement about his income) formed the basis of the tort claims).

Notably, Wilmington has not alleged that America One fraudulently induced it to enter the contract by misrepresenting its objective qualifications or ability to adequately perform the terms of the agreement. See Longview Dev. LP v. Great Atl. & Pac. Tea Co., Inc., No.Civ.A. 02-7422, 2004 WL 1622032, at *4 (E.D. Pa. July 20, 2004) (declining to dismiss tort claim under gist of the action doctrine because plaintiff alleged that defendant misrepresented its objective ability to perform its contractual duty to sell property to plaintiff); Air Prod. & Chem., Inc. v. Eaton Metal Prod. Co., 256 F.Supp.2d 329, 341 (E.D. Pa. 2003) ("[F]raud in the inducement claims are much more likely to present cases in which a social policy against the fraud, external

to the contractual obligations of the parties, exists."); Weber Display & Packaging v. Providence Washington Ins. Co., No.Civ.A. 02-7792, 2003 WL 329141, at *3 (E.D. Pa. Feb. 10, 2003) ("[C]ase law . . . suggest[s] that, where the fraud is used to induce the other party to enter into the contract, the contract is collateral to the fraud.").

Because Plaintiff's tort claims, as currently pleaded, merely restate the breach of contract claim, the Court will dismiss Counts Two and Three, and strike Plaintiff's request for punitive damages. See Baker v. Nat'l Mut. Cas. Ins. Co., 536 A.2d 1357, 1361 (Pa. Super. Ct. 1987) ("The law is clear that punitive damages cannot be recovered merely for breach of contract."). However, the Court will grant Plaintiff leave to amend the Complaint in order to meet the particularity requirements of Rule 9, and establish (if possible) that its tort claims are collateral to the breach of contract claim, and therefore not precluded under Pennsylvania's gist of the action doctrine. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILMINGTON FINANCE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICA ONE FINANCE, INC. | : | NO. 06-5559 |

**ORDER**

AND NOW, this 31st day of July, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendant's Motion to Dismiss Counts Two and Three and to Strike Plaintiff's Request for Punitive Damages (Doc. No. 12) is GRANTED without prejudice. Plaintiff is given leave to file an amended complaint within fourteen (14) days of this Order.

BY THE COURT:

**/s/ Michael M. Baylson**

Michael M. Baylson, U.S.D.J.